FARMERS STATE BANK OF RUDD, Appellee, v. C. E. CARRAGHER et al., Appellants.

**MORTGAGES:** Foreclosure—Issue of Unsatisfied Mortgage. A defendant in a real estate mortgage foreclosure who pleads that plaintiff formerly owned the property and conveyed it by warranty deed, and presents the issue, by way of counterclaim, that plaintiff's deed has been breached by the existence of an unsatisfied mortgage· of ancient origin, may not successfully contend that the court had no jurisdiction to determine said issue as far as *defendant* was concerned, especially when the treatment accorded to the plea by the defendant in the trial court justified the view that the pleading was a sham.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

JUNE 25, 1921.

ACTION to foreclose a real estate mortgage. Execution of the note and mortgage was admitted. Defendants set up a counterclaim, based on breach of the covenant of warranty in a deed made by plaintiff to Mary McCoy, and a deed made by Mary McCoy to defendant C. E. Carragher. Decree of foreclosure was entered, and judgment on the notes. Facts appear in the opinion.—*Affirmed.*

*F. & F. M. Linnell,* for appellants.

*H. J. Fitzgerald,* for appellee. ·

ARTHUR, J.—On October 9, 1917, the plaintiff bank made a warranty deed to Mary McCoy to Lots 7, 8, and 9 in Block 6

in the town of Rudd, Iowa. On November 20, 1917, Mary McCoy and husband made to defendant C. E. Carragher a warranty deed for said premises. On December 3, 1918, defendant C. E. Carragher and his wife, Matye S. Carragher, executed to the plaintiff a mortgage for $2,500 on said lots, which is the mortgage sued on in this action. The execution of the note and mortgage was admitted, and that the note was due, and the amount of the debt is not denied.

Defendants pleaded a counterclaim, alleging that, on February 29, 1896, Charles Nienstedt, the then owner of the lot on which plaintiff's mortgage rests, and other lots, executed a mortgage for $2,646 thereon to one A. Nienstedt, which was placed of record. This mortgage was given to secure a note for $1,000, due on October 1, 1893, one note for $346, due October 1, 1894, and one note for $1,300, due October 1, 1895. On October 19, 1903, A. Nienstedt satisfied said mortgage as to Lots 7 and 8. On December 14, 1916, A. Nienstedt having died, his heirs, by their attorney, filed in the recorder's office a notice informing appellee that they held an unsatisfied mortgage on Lots 7 and 8 only, for the amount of $2,646 and interest. On June 28, 1917, said mortgage was assigned of record to Charles Nienstedt, Jr., one of the heirs of mortgagee, A. Nienstedt, by the remaining heirs of A. Nienstedt, together with the notes secured by the mortgage.

Plaintiff pleaded to the counterclaim, alleging that the Nienstedt mortgage and the record thereof showed that the mortgage and the note which it was given to secure, were barred by the statute of limitations, and that the mortgage was not a lien on the premises covered by plaintiff's mortgage.

On the application of the defendants, the court, on April 9, 1920, entered an order that Charles Nienstedt, Jr., be brought in and made a party defendant on notice, said order being as follows:

"The court finds from the record and the pleadings in the case that the rights of the respective parties cannot be determined without prejudice to the rights of other parties, viz., Charles Nienstedt, Jr., and that, in order to determine the controversy as presented by pleadings between the parties before the court, the presence of the said Charles Nienstedt, Jr., will

be required; and he is therefore ordered to be brought in and made a party defendant, by the plaintiff herein; and it is further ordered that the said Charles Nienstedt, Jr., be given at least 10 days' notice of the time and place of hearing of this cause of action, and the pendency thereof, as presented by the plaintiff's petition and the answer and counterclaim of the defendants, and that said matter be set down for hearing May 3, 1920, at 9 o'clock A. M. That a notice in the usual form be served upon the said Charles Nienstedt, Jr., in the manner and form as provided for the commencement of a civil action, at least 10 days prior to said date of hearing, viz., May 3, 1920. To all of which both parties except."

On May 3, 1920, a further order was made as to notice on Charles Nienstedt, as follows:

"It appearing that the plaintiff has been unable as yet to get service upon Charles Nienstedt, Jr., the date of hearing is postponed until not less than 10 days after notice has been served upon said Nienstedt."

. Plaintiff amended its petition, and alleged that Charles Nienstedt, Jr., had been duly brought in and made a party therein; and that any interest that Charles Nienstedt, Jr., might have, or claim to have, in the premises on which plaintiff's mortgage was sought to be foreclosed, was barred by the statute of limitations; and that it was in no manner renewed, as by law provided; and that any claimed renewal between Charles Nienstedt, Jr., and the original maker of said mortgage and his heirs at law was insufficient to affect plaintiff's vested rights.

A notice was issued, in accordance with the order for such notice, to Charles Nienstedt, Jr., notifying him of the foreclosure proceedings and of the defense by counterclaim, which notice was served on the 20th day of May, 1920, on Charles Nienstedt, Jr., notifying him to appear and assert any claims he might have to the premises involved by virtue of the mortgage held by him, within 10 days from the service of the notice upon him, and that plaintiff would take default and decree unless he appeared thereto. In the meantime, plaintiff had filed an affidavit, showing nonresidence of Charles Nienstedt, Jr., within the state of Iowa. The notice was served on Charles Nienstedt, Jr., in McHenry County, Illinois, by one Roy I.

Stewart, and the return of service sworn to before G. E. Still, county clerk of McHenry County, Illinois. On June 23, 1920, cause came on for hearing. Default was entered against Charles J. Nienstedt, Jr. On the trial of the case, plaintiff introduced in evidence its note and mortgage. Also, there was introduced in evidence the old mortgage given by Charles Nienstedt and wife for $2,646, given to A. Nienstedt, upon the lots covered by plaintiff's mortgage and other lots, showing that the mortgage was given to secure notes of $1,000, due October 1, 1893, $346, due October 1, 1894, and $1,300, due October 1, 1895, set up in defendants' answer and counterclaim, which mortgage was dated February 29, 1896. Also, there was introduced in evidence the assignment of the old mortgage pleaded in defendants' answer or counterclaim, from the heirs of A. Nienstedt other than Charles Nienstedt, Jr., to said Charles Nienstedt, Jr. Also, there was introduced in evidence the notice dated December 4, 1916, by Charles Nienstedt, Sr., to the plaintiff bank, informing it that:

"The attorney for the heirs of the estate of August Nienstedt instruct me to inform you that a certain deed in favor of the Farmers State Bank of Rudd, Iowa, was filed with the recorder of Floyd County on November 18, 1915, conveying Lots 7 and 8 in Block 6, Rudd, Iowa. This is to inform and advise you that the above-mentioned heirs and estate hold an unsatisfied mortgage against the above-named Lots 7 and 8 for $2,646 and interest, which mortgage said attorneys are instructed by their client to foreclose, and due notice is hereby given to you to that effect."

There was also introduced in evidence a release of Lots 7 and 8 from the old Nienstedt mortgage, signed by A. Nienstedt, the original holder.

Upon this record, decree of foreclosure was entered in favor of plaintiff, the trial court finding that the property was free and clear of any and all liens of incumbrance because of the Nienstedt mortgage pleaded in the counterclaim.

Appellants' position, as we understand it, is that the order directing that Charles Nienstedt, Jr., be made a party defendant, and prescribing the service to be made upon him, was an adjudication that he was a necessary party; that the notice

prescribed and the service made, Nienstedt being a resident of Illinois at the time of service upon him, was insufficient notice, and not effective to give the court jurisdiction of Nienstedt; and that, therefore, the court did not obtain jurisdiction of the subject-matter involved in the action, and especially of the matter pleaded in defendants' counterclaim. Appellants do not attack plaintiff's cause of action on any ground that it was not proven. Nor do appellants say that it was not established by the evidence that the old Nienstedt mortgage, on which they based their counterclaim, was barred by the statute of limitations, and was not a lien on the property involved. They do not argue in support of their counterclaim, or even suggest that it had any merit. The Nienstedt mortgage and the record of it and the record of notice to appellee by Charles Nienstedt, Sr., bearing date of December 14, 1916, that the heirs of August Nienstedt held an unsatisfied mortgage on Lots 7 and 8 in Block 6 (two of the lots on which plaintiff's mortgage rests) for $2,646 and interest, were in evidence before the court. This so-called notice appears to be signed by Charles Nienstedt, Sr., the mortgagor, and recites that:

"The attorney for the heirs of the estate of August Nienstedt instruct me to inform you [appellee] * * * that the above-mentioned heirs hold an unsatisfied mortgage against Lots 7 and 8 in Block 6, Rudd, Iowa, for $2,646 and interest, which said mortgage attorneys are instructed by their clients to foreclose, and due notice is hereby given you to that effect."

Why the mortgagor should attempt to give such notice is not clear. Indeed, it is mysterious. The notice refers only to Lots 7 and 8, and it appears in evidence in this cause that the mortgage had been released and satisfied of record by A. Nienstedt, mortgagee, on October 19, 1903. Moreover, the notice does not show any extension of the maturity of the mortgage or the debt, as provided by Section 3447-c, Code Supplement, 1913. The evidence introduced on the trial, the Nienstedt mortgage and the notes which it was given to secure, and the record of the mortgage, showed that the mortgage was made February 29, 1896, and that the indebtedness which it was given to secure was more than a year past due before the mortgage was executed. The claimed notice was not filed in the recorder's office until

November 18, 1916, nearly 21 years after the date of the mortgage, and more than 22 years after the debt secured by the mortgage became due.   The court evidently found that the notice prescribed and served on Nienstedt was sufficient to bring him into the action; for default was entered against Nienstedt. We do not deem it material whether or not Nienstedt was brought into the jurisdiction of the court.   Appellants, in their counterclaim, pleaded and presented the issue that the Nienstedt mortgage was a lien on the property involved in the suit, and that issue was tried, and the court found that it was not a lien.   It does not appear whether or not appellants desired the presence of Nienstedt as a witness.   The record does not disclose that appellants moved for a continuance of the cause for the purpose of obtaining what they would urge as due, legal, and timely notice of the pendency of the cause on Charles J. Nienstedt, Jr.   We conclude that the court had jurisdiction to try and determine all the issues presented in the pleadings, regardless of whether or not the notice prescribed and served was sufficient to authorize default against him.

The decree and judgment of the court below are affirmed. —*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.